IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TANIYA T.,[1]** | Case No. 6:19-cv-01503-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COMMISSIONER SOCIAL SECURITY ADMINISTRATION**, | |
| Defendant. | |

Drew L. Johnson, Drew L. Johnson, P.C., 1700 Valley River Drive, Eugene, Oregon, 97401 and Laurie B. Mapes, PO Box 1241, Scappoose, Oregon 97056. Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Erin F. Highland, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Taniya T. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying her application for Supplemental

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Security Income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C.

§§ 401–34 ("Act"). The Commissioner's decision is not supported by substantial evidence.

Therefore, it is REVERSED and REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g);

*Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence means more than a

mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It

means "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th

Cir. 2005). Other interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and the court may not substitute its judgment for

that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196

(9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not

affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d

625, 630 (9th Cir. 2007) (citation and quotation marks omitted); *Garrison v. Colvin,* 759 F.3d

995, 1009–10 (9th Cir. 2014). But the court may not affirm the Commissioner on a ground upon

which the Commissioner did not rely. *Id.*; *see Bray*, 554 F.3d at 1225–26.

**BACKGROUND**

## I.  Plaintiff's Application

Plaintiff filed for SSI benefits on March 28, 2016, alleging disability since October 1, 2004. AR 14, 177. Plaintiff was born on October 3, 1990, and she has attained at least a high school education. AR 23. Plaintiff struggled with domestic violence and drugs beginning in her early teens, had a child at age seventeen, and by the age of twenty-five was diagnosed with borderline personality disorder, major depression, adjustment disorder and anxiety. AR 284, 803–06.

Plaintiff's claim was denied initially on November 10, 2016 and again on reconsideration on January 5, 2017, after which Plaintiff requested a hearing. AR 106, 116, 119. Plaintiff's hearing before Administrative Law Judge ("ALJ") Katherine Weatherly occurred on June 21, 2018. AR 33. At the hearing, Plaintiff, through her representative, amended the alleged onset date to her protective filing date of March 28, 2016. AR 33–34. On October 3, 2018, the ALJ found Plaintiff not disabled and not entitled to SSI under the Act. AR 24. In a letter dated July 18, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks review of the Commissioner's decision.

## II.  The Sequential Analysis

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see* 20

PAGE 3 – OPINION AND ORDER

C.F.R. §§ 404.1520 (DIB), 416.920 (SSI). Each step is potentially dispositive. 20 C.F.R.

§§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of

questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
      §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
      significant mental or physical duties done or intended to be done for pay
      or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing
      such work, he or she is not disabled within the meaning of the Act. 20
      C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not
      performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment or combination of impairments "severe"
      under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii),
      416.920(a)(4)(ii). An impairment or combination of impairments is
      "severe" if it significantly limits the claimant's physical or mental ability
      to do basic work activities. *See* 20 C.F.R. §§ 404.1522(a), 416.922(a).
      Unless expected to result in death, this impairment must have lasted or be
      expected to last for a continuous period of at least 12 months. 20 C.F.R.
      §§ 404.1509, 416.909. If the claimant does not have a severe impairment
      or combination of impairments, the analysis ends. 20 C.F.R.
      §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis proceeds
      to step three.

3.    Does the claimant's severe impairment(s) "meet or equal" one or more of
      the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If
      so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii),
      416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
      the listed impairments, the analysis continues. At that point, the ALJ must
      evaluate medical and other relevant evidence to assess and determine the
      claimant's "residual functional capacity" ("RFC"). The RFC is an
      assessment of work-related activities that the claimant may still perform
      on a regular and continuing basis, despite any limitations imposed by his
      or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), 416.920(e),
      416.945(a)(1). After the ALJ determines the claimant's RFC, the analysis
      proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC?
      If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),
      416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant
      work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience,
      is the claimant able to make an adjustment to other work that exists in
      significant numbers in the national economy? If so, then the claimant is

PAGE 4 – OPINION AND ORDER

> not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c)(1),
> 416.920(a)(4)(v), 416.960(c)(1). If the claimant cannot perform such
> work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (outlining the

sequential analysis).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999). At step five, the Commissioner bears the burden of proof and

must show that the claimant can perform other work that exists in significant numbers in the

national economy, "taking into consideration the claimant's residual functional capacity, age,

education, and work experience." *Id.* at 1098, 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled and entitled to disability benefits. *Tackett*, 180 F.3d at 1099. If,

however, the Commissioner proves that the claimant is able to perform other work existing in

significant numbers in the national economy, the claimant is not disabled. *Id.*

**III.  The ALJ's Decision**

At the first step of the sequential analysis, the ALJ found Plaintiff had not participated in

substantial gainful activity since March 28, 2016. AR 17. At step two, the ALJ found the

following severe impairments: major depressive disorder, anxiety (not otherwise specified),

borderline personality disorder and history of polysubstance abuse. *Id*. At step three, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1. AR 17–18.

After considering the evidence from Plaintiff's hearing and medical record, the ALJ

found that Plaintiff has the residual functioning capacity to perform a full range of work at all

exertional levels but with the following nonexertional limitations. AR 18.

> [T]he claimant can understand, remember, and carry out only
> simple, routine and repetitive tasks. She can have no more than
> occasional contact with the public.

*Id*. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. AR 22–

23. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and

RFC, as well as the testimony from a vocational expert.[2] AR 23. The ALJ concluded that jobs

exist in significant numbers in the national economy that Plaintiff could perform. *Id.* These jobs

included hand packager, laundry worker, and cleaner 2. *Id.* As a result, the ALJ found Plaintiff

not disabled. AR 24.

## DISCUSSION

Plaintiff contends that the ALJ erred in improperly assessing the medical opinion

evidence of non-examining psychologists Ben G. Kessler, Psy.D., and Sergiy Barsukov, Psy.D.

## I.  Medical Opinion Evidence

The ALJ is responsible for resolving ambiguities and conflicts in the medical testimony.

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must provide clear and

convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining

physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they

are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

However, "[t]he ALJ need not accept the opinion of any physician, including a treating

physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."

*Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Bray*, 554 F.3d at 1228).

---

[2] The ALJ misstated Plaintiff's age to be thirteen years old. AR 23. With a birthdate of October 3, 1990, Plaintiff was twenty-five years old on her alleged disability onset date of March 28, 2016. As neither party noted this miscalculation of Plaintiff's age, this Court deems that it had no bearing on the ALJ's disability determination.

Additionally, the ALJ may discount physicians' opinions based on internal inconsistencies, inconsistencies between their opinions and other evidence in the record, or other factors the ALJ deems material to resolving ambiguities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02, 603 (9th Cir. 1999).

The record here contains only two assessments of specific functional limitations by medical professionals. ECF 11 at 5–16. These assessments were made by Ben G. Kessler, Psy.D., and Sergiy Barsukov, Psy.D., both non-examining state-agency reviewing psychologists. AR 61–63, 85–87. Dr. Kessler's and Dr. Barsukov's assessments are identical. *Id.* They opined that Plaintiff (1) is able to remember and understand "short, simple instructions;" (2) can sustain concentration, persistence or pace for "very short, simple instructions;"; (3) is able to have "short, structured interactions with the general public;" (4) will "occasionally respond poorly to criticism;" (5) will "occasionally struggle with peer interactions;" and (6) will "need extra support during times of change in the work environment." *Id.* Plaintiff contends that the ALJ erred by rejecting, without legally sufficient reasoning, the doctors' opined limitations and failing to include them in the RFC. ECF 11 at 5–10.

In this case, the ALJ failed to identify any specific evidence in the record to contradict these identical opinions of Drs. Kessler and Barsukov. Referring to them as one opinion, the ALJ's evaluation of their opinions consists of three sentences:

> This opinion is given some weight because many of the RFC findings are vague and border on accommodated work. Dr. Kessler and Dr. Barsukov fail to provide functional limitations to accommodate their vague observations. For example, they state that she will need extra support during times of change in the work environment, but they do not limit her to jobs that do not have frequent changes in the work setting.

PAGE 7 – OPINION AND ORDER

AR 22.  The ALJ's evaluation does not include any reference to evidence in the record that

discredits the doctors' opinions. Instead, the ALJ omitted many of the doctors' RFC findings and

formulated Plaintiff's RFC as follows:

> [T]he claimant can understand, remember, and carry out only
> simple, routine and repetitive tasks. She can have no more than
> occasional contact with the public.

AR 18. Plaintiff contends that the ALJ erred by omitting from the RFC the following limitations

opined by the doctors: (1) that Plaintiff will " struggle with peer interaction;" (2) that Plaintiff's

interactions with the public be "short" and "structured"; (3) that Plaintiff will "need extra support

during times of change in the work environment;" and (4) that Plaintiff will "occasionally

respond poorly to criticism." ECF 11 at 5–16.

The ALJ is required to consider all medical opinions in assessing the RFC. 20 C.F.R.

§ 416.927(c).[3] In failing to include the opined limitations in the RFC, the ALJ "effectively

rejected" the opinions of Dr. Kessler and Dr. Barsukov. *See Kimble v. Berryhill*, No. 3:15-cv-

01641-JE, 2017 WL 3332256, at *4 (D. Or. Aug. 4, 2017) (citing *Bobbitt v. Colvin*, No. 3:13-cv-

01320-HZ, 2014 WL 2993738, at *9 (D. Or. July 1, 2014)). The ALJ must identify specific

evidence in the record to justify the rejection of the medical opinion of a non-examining doctor.

*Sousa v. Callahan,* 143 F.3d 1240, 1244 (9th Cir. 1988). "In other words, an ALJ errs when he

rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it,

asserting without explanation that another medical opinion is more persuasive, or criticizing it

with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison,* 759

F.3d at 1012–13. Here, other than stating that the state agency psychologists' opinions were

---

[3] This regulation governs the evaluation of medical opinion evidence for claims filed before
March 17, 2017, which includes Plaintiff's claim that was filed on March 28, 2016.

"vague," the ALJ failed to pinpoint any evidence in the record supporting the rejection of the

doctors' opined limitations. Accordingly, the ALJ erred.

With respect to peer interaction, Dr. Kessler and Dr. Barsukov both issued

uncontroverted opinions that Plaintiff struggles with peer interaction, AR 62, 87, yet in

Plaintiff's RFC the ALJ assessed no limitation whatsoever on co-worker interaction, AR 18. The

Commissioner claims that the ALJ reasonably found that this statement was vague because the

doctors only opined that Plaintiff would "struggle" (meaning have some difficulties) without

quantifying her residual ability. ECF 14 at 5. The Commissioner further argues that the vague

nature of their opinions precludes them from being translated into a particular functional

limitation. *Id.* Adopting the Commissioner's rationale, however, would require this Court to

affirm the decision not based on what ALJ found. The ALJ simply did not explain her rationale

challenging the doctors' opinion on peer interaction nor did she cite to evidence in record

contradicting their opinion. This Court cannot affirm a disability decision based upon grounds

the ALJ did not invoke. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Thus, even if

the limitation could appropriately be considered "vague," the ALJ may not simply dismiss and

ignore the psychologists' assessment. *See Garrison*, 759 F.3d at 1012–13. Moreover, limitations

on co-worker contact are commonly defined by ALJs as part of their job. *See, e.g., O'Dell v.

Comm'r Soc. Sec. Admin.*, No. 6:16-cv-00397-MA, 2017 WL 2937927, at *2 (D. Or. July 10,

2017) (noting that the ALJ had found claimant "requires an independent work setting free of

frequent public or peer interactions"); *Glosenger v. Comm'r of Soc. Sec. Admin.,* No. 3:12-cv-

1774-ST, 2014 WL 1513995, at *6 (D. Or. Apr. 16, 2014) ("[T]he ALJ clearly incorporated the

crux of Dr. Stradinger's opinion into the RFC by limiting [claimant] to . . . only brief, structured

interactions with coworkers.").

As for Plaintiff's interaction with the public, Plaintiff contends that the ALJ failed to appropriately include the uncontroverted opinion evidence of Drs. Kessler and Barsukov by translating the opinion's restriction of "short, structured interactions with the general public" to "no more than occasional contact with the public." ECF 11 at 13. Plaintiff contends that these have very different meanings. *Id*. The term "occasionally" in residual functional capacities means up to one-third of a workday. SSR 83-10, Glossary ("'Occasionally' means occurring from very little up to one-third of the time."). The specific limitation described by Drs. Kessler and Barsukov, however, did not simply prescribe a time limitation, it described the type of interaction with the public that Plaintiff could handle: "structured interactions." AR 62, 87. The ALJ failed to capture this limitation in the RFC and provided no explanation for why the doctors' opinion should be rejected or altered. *See* AR 21–22. Requiring "structured" interactions is a type of limitation and can be incorporated into a RFC. *See., e.g., Ready v. Astrue*, No. 3:11-cv-00032-KI, 2012 WL 171291, at *2 (D. Or. Jan. 20, 2012) (RFC for "only brief and structured interaction with co-workers"); *Anderson v. Colvin*, No. 3:12-cv-00727-BR, 2013 WL 5550894, at *4 (D. Or. Oct. 7, 2013) (RFC for "less than occasional interaction with the public and only brief and structured interaction with coworkers"); *Kelly v. Colvin*, No. 6:13-cv-02317-BR, 2015 WL 1275411, at *3 (D. Or. Mar. 19, 2015) (RFC for "brief, structured encounters with coworkers and public"). The omission of the limitation to structured interactions was not harmless, as the vocational expert ("VE") was not asked about such a limitation. AR 46–52. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (If not *all* of a claimant's limitations are included in the dispositive hypothetical question, the VE's answer is of no evidentiary value).

When evaluating the limitation in Drs. Kessler and Barsukov's opinion concerning Plaintiff needing extra support in times of change in the work environment, the ALJ specifically

criticized this limitation as "vague" and for failing to limit Plaintiff to jobs that do not have

frequent changes in the work setting. AR 22. The ALJ's assessment, however, cites no medical

evidence, testimony, reports or activities of Plaintiff as contradicting their opinion. In cases

where the ALJ was permitted to reject limitations by finding them vague, the ALJ provided other

reasons to reject those opinions, i.e., they were inconsistent with other evidence in the record.

*See, e.g., Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (doctor's

opinion did not translate claimant's symptoms into specific functional limitations, and the ALJ

explained how the level of impairment in the doctor's opinion was contradicted by claimant's

own reports). Here the ALJ failed to reject the doctors' opinion based on evidence in the record

or accept it as written and incorporate it into the RFC (or translate it into an appropriate

functional limitation). Without inclusion of this limitation in the RFC, the VE was unable to

testify on its impact on the ability of Plaintiff to be capable of finding competitive employment.

*See Embrey*, 849 F.2d at 422.

Finally, the ALJ identified no evidence in the record to support discounting or

discrediting Dr. Kessler and Dr. Barsukov's opinion that Plaintiff "will occasionally respond

poorly to criticism." *See* AR 22. The Commissioner argues this limitation was too vague to

include because the doctors' statement that Plaintiff "will respond poorly to criticism" is

followed directly by the clause "most usually during times she feels overwhelmed" which

substantially alters the limitation and renders it too vague for inclusion in the RFC. ECF 14 at 3.

The ALJ, however, provided no explanation for her determination that this limitation was

"vague" and thus the Commissioner's rationale is *post hoc* which the court may not consider in

affirming an adverse decision. *Bray,* 554 F.3d at 1225. ("Long-standing principles of

administrative law require us to review the ALJ's decision based on the reasoning and factual

PAGE 11 – OPINION AND ORDER

findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the

adjudicator may have been thinking.").

Because the ALJ failed to provide specific evidence-based reasons not to fully credit Drs.

Kessler and Barsukov's medical opinions and then omitted them from Plaintiff's RFC, the ALJ's

step-five finding that Plaintiff can perform three jobs, and the ALJ's ultimate conclusion that

Plaintiff is not disabled, is based on vocational expert testimony that has no evidentiary value.

*See* AR 18–24. Therefore, the ALJ's decision that Plaintiff is not disabled is not supported by

substantial evidence and must be reversed.

## II.  Remand

When a court determines the Commissioner erred in some respect in making a decision to

deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or

without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.,* 775 F.3d

1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for

further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-

true" standard when the following requisites are met: (1) the ALJ has failed to provide legally

sufficient reasons for rejecting evidence, (2) the record has been fully developed and further

proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were

credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*,

759 F.3d at 1020. Even if all of the requisites are met, however, the court may still remand for

further proceedings, "when the record as a whole creates serious doubt as to whether the

claimant is, in fact, disabled." *Id*. at 1021.

Here, the first requisite of the *Garrison* test is met, as the ALJ erroneously assessed the

medical opinions of Dr. Kessler and Dr. Barsukov. The second requisite is not met, however, as

the record in this case is not fully developed. Even if the improperly rejected opinions are

PAGE 12 – OPINION AND ORDER

credited as true, it is not clear that the ALJ would be required to find Plaintiff disabled because

the VE did not provide an opinion as to whether Plaintiff would be able to perform jobs that exist

in significant numbers in the national economy when taking into account all of Plaintiff's

limitations. Additionally, the parties did not assert that a remand for benefits would be

appropriate in this case. ECF 11 at 16; ECF 14 at 7.

On remand, the ALJ must (1) accept the opinions of Dr. Kessler and Dr. Barsukov or

provide legally sufficient reasons for rejecting them, (2) obtain additional VE testimony

regarding what work Plaintiff can do, if any, and (3) conduct any additional proceedings as

required by the results of the foregoing instructions.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision is REVERSED, and this

case is REMANDED for further proceedings.

**IT IS SO ORDERED**.

DATED this 21st day of August 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge